UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- x

PETER ANDREWS,
DREAMBUILDER HOLDINGS, LLC,
DREAMBUILDER INVESTMENTS, LLC,          Case No. _____
LIBERTY HOLDINGS NYC, LLC,
ARETE PORTFOLIO MANAGEMENT, LLC
*and*
PETER ANDREWS *on behalf of*
DREAMBUILDER HOLDINGS, LLC,             VERIFIED COMPLAINT FOR DECLARATORY
DREAMBUILDER INVESTMENTS, LLC,          AND INJUNCTIVE RELIEF
LIBERTY HOLDINGS NYC, LLC
ARETE PORTFOLIO MANAGEMENT, LLC,

                              Plaintiffs,

        -against –

Paul W. Verner,
                              Defendant.

--------------------------------------------------------- x

        Plaintiffs by and through undersigned counsel, as and for their complaint (the

"Complaint"), alleges as follows:

        1.      This is an action for declaratory and injunctive relief as a result of Defendant's

actions by appearing in formal arbitration proceedings with the American Arbitration

Association ("AAA"), purporting to represent parties, including one party (*i.e.*, **Respondent**

**Gregory Palmer**) adverse to Plaintiffs/Claimants regarding matters where Defendant previously

represented both Plaintiffs/Claimants and **Respondent Gregory Palmer** as general outside legal

counsel concerning the affairs of the limited liability companies named herein.

2.      Defendant, a member of the bar of the State of New York, has a conflict of interest whereby he cannot represent parties adverse to Plaintiffs/Claimants (*i.e.,* **Respondent Gregory Palmer**), as Plaintiffs/Claimants and **Respondent Gregory Palmer** are all his former clients.

3.       Plaintiffs/Claimants have communicated they do not consent or otherwise waive the conflict at issue, but Defendant has nonetheless appeared as the Representative of **Respondent Gregory Palmer** in the AAA proceeding, listing his law office.

4.      Accordingly, Plaintiffs seek declaratory and injunctive relief, preventing Defendant from breaching his duties of loyalty and confidentiality owed to Plaintiffs, enjoining Defendant from appearing adversely to Plaintiffs/Claimants in the pending Arbitration Proceeding and disqualifying Defendant from appearing as counsel as required by Rule 1.9 of the New York State Rules of Professional Conduct.

PARTIES

5.      Plaintiff Peter Andrews is a resident and citizen of the State of New York.

6.      Plaintiff Dreambuilder Holdings, LLC is a limited liability company organized under the laws of the State of New York with a principal place of business in this District.

7.      Plaintiff Dreambuilder Investments, LLC is a limited liability company organized under the laws of the State of New York with a principal place of business in this District.

8.      Plaintiff Liberty Holdings NYC, LLC is a limited liability company organized under the laws of the State of New York with a principal place of business in this District.

9.      Plaintiff Arete Portfolio Management, LLC is a limited liability company organized under the laws of the State of Delaware with a principal place of business in this District.

10.      Defendant Paul W. Verner is a  resident and citizen of the State of Colorado,
admitted to practice law in the State of New York.  No member of the LLC Plaintiffs/Claimants is
a resident or citizen of the State of Colorado, thereby establishing Diversity Jurisdiction of this
Court.

<u>JURISDICTION AND VENUE</u>

11.      This Court has jurisdiction based upon diversity of citizenship and an amount in
controversy in excess of $75,000 as set forth in 28 U.S.C. § 1332, as set forth in the AAA
arbitration petition and counterclaim seeking money damages.

12.      Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

13.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a
substantial part or the events or omissions giving rise to the claim (indeed, all of them) occurred
in this District.

<u>FACTS</u>

14.      Plaintiffs commenced an arbitration proceeding, which remains pending, against
**Respondents Gregory Palmer and Rockingham Capital Group** as identified in
Plaintiffs'/Claimants' petition for arbitration filed with the American Arbitration Association,
Case No. 01-19-0002-2485 (the "Arbitration Proceeding").

15.      All Plaintiffs are Claimants in the referenced AAA arbitration proceeding.

16.      Defendant, former legal outside general counsel to Plaintiffs/Claimants *and*
**Respondent Gregory Palmer**, filed an appearance in the AAA arbitration on behalf of all
Respondents, including **Respondent Gregory Palmer**, adverse to Plaintiffs/Claimants in the AAA
Arbitration Proceeding.

17.     The subject matter of the AAA Arbitration Proceeding involves issues about which Defendant formerly acted as general outside counsel for Plaintiffs/Claimants and **Respondent Gregory Palmer**.  As general outside counsel, Defendant Verner was directly involved in counseling Plaintiffs/Claimants regarding  their equity interests in the various entities and assets, operational and legal issues, including but not limited to, attendant responsibilities of officers and directors of said entities and representing Plaintiffs/Claimants, including Mr. Andrews and **Respondent Gregory Palmer** in multiple litigations by third parties regarding such issues.  These issues are those now at issue in the Arbitration Proceeding.

18.     New York's Rule 1.9 of the Rules of Professional conduct provides:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

NY ST RPC Rule 1.9 (McKinney 2019) at (a).

19.     Plaintiffs/Claimants have informed Defendant that he has a conflict of interest whereby he must recuse himself as Plaintiffs/Claimants do not consent to their former counsel, previously acting as general outside counsel for them and **Respondent Gregory Palmer**, being adverse to Plaintiffs/Claimants in a matter that is the same as Defendant's prior representation.

20.     Defendant's engagement letter representing Plaintiffs/Claimants Peter Andrews and Dreambuilder Investments, LLC, and **Respondent Gregory Palmer,** a true and correct copy of which is annexed as Exhibit A.  Defendant's prior engagement reflected at Exhibit A concerns the same issues as those set forth in the Petition for Arbitration.

21.     By affidavit dated September 30, 2016, a true and correct copy is annexed as

Exhibit B, Plaintiff/Claimant Peter Andrews "as an officer of Dreambuilder Investments, LLC and

its affiliates" (*i.e.,* the other LLC Plaintiffs/Claimants herein) provided a sworn statement in

support of Defendant Verner, who was at the time counsel to Plaintiffs/Claimants prior to his

termination, regarding a grievance.  *Id.* at ¶ 1.  "Mr. Verner acted as directed by me [Peter

Andrews], DBI [Dreambuilder Investments, LLC] and DBI VIII, *his clients*."  *Id.* at ¶ 11. (emphasis

supplied).

22.     By affidavit dated June 23, 2017, a true and correct copy of which is annexed

hereto as Exhibit C, **Respondent Gregory Palmer** as "an officer of Dreambuilder Investments,

LLC ("DBI") *and its affiliates*," provided a sworn statement in support of Defendant Verner, who

was at the time counsel to Plaintiffs/Claimants prior to his termination, regarding a grievance.

*Id.* at ¶ 1 (emphasis supplied).  "I can confirm as the person responsible for issuing payments to

Mr. Verner that all funds paid to Mr. Verner were paid out of funds owned solely by DBI[.]".  *Id*

at ¶ 12.

23.     Mr. Verner was thereafter terminated as counsel for Plaintiffs/Claimants Peter

Andrews, Dreambuilder Investments, LLC and **Respondent Gregory Palmer**.  Attorney Richard

Gora of Gora Law LLC undertook subsequent representation as general outside counsel

following Mr. Verner's termination.  It is precisely for this reason that Mr. Gora recused himself

and his firm from the Arbitration Proceeding, namely, by reason of being conflicted out of

representing one client (*i.e.*, Plaintiffs/Claimants) against another former client (*i.e.*,

**Respondent Gregory Palmer**).  Indeed, Defendant concedes he has a conflict of interest, as he

communicated to Mr. Gora by email dated April 5, 2019 "You should consider you are

conflicted given Greg's [*i.e.*, **Respondent Gregory Palmer**] requirements for resolution."  The "requirements for resolution" are the subject matter of the AAA Arbitration Proceeding.  A true and correct copy of the email correspondence is annexed hereto as Exhibit D (emphasis by highlighting supplied).  In succeeding Defendant Verner as successor outside general counsel for Plaintiffs/Claimants and **Respondent Gregory Palmer**, Mr. Gora undertook the same scope of legal representation as Defendant Verner post-termination.  Mr. Gora has recused himself accordingly from representing Plaintiffs/Claimants against **Respondent Gregory Palmer**.  In communicating to Mr. Gora "you should consider you are conflicted," *id.*, Defendant Verner acknowledges that he too must necessarily be conflicted from representing Mr. Palmer in a "matter in which that person's interests are materially adverse to the interests of the former client" whether that be in the arbitration or any other proceeding.

**COUNT ONE**
**(DECLARATORY RELIEF DISQUALIFY DEFENDANT FROM APPEARING IN PROCEEDINGS ADVERSE TO PLAINTIFFS)**

24.     Plaintiffs/Claimants repeat and reallege paragraphs 1 through 23 as if fully set forth herein.

25.     Defendant, having represented Plaintiffs/Claimants in matters similar or substantially related to the AAA Arbitration proceeding, is conflicted from representing Respondents in the AAA proceeding as such constitutes a representation materially adverse to Plaintiffs/Claimants, Defendant's former clients.

26.     Plaintiffs/Claimants have not given consent to Defendant to acting as counsel adverse to Plaintiffs/Claimants, and do not consent to such adverse representation.

27.     By reason of the allegations set forth herein, as verified, Plaintiffs/Claimants are entitled to declaratory relief disqualifying Defendant from acting as counsel adverse to Plaintiffs/Claimants generally, and specifically with respect to the AAA Arbitration Proceeding.

**COUNT TWO**
**(INJUNCTIVE RELIEF)**

28.     Plaintiffs/Claimants repeat and reallege paragraphs 1 through 27 as if fully set forth herein.

29.     Based on the allegations set forth herein, as verified, Plaintiffs/Claimants are entitled to injunctive relief.

30.     Accordingly, Defendant should be enjoined by order and judgment of the Court from acting as counsel adverse to Plaintiffs/Claimants generally, and specifically with respect to the AAA Arbitration Proceeding.

**WHEREFORE**, Plaintiffs respectfully requests that judgment enter in favor of Plaintiffs and against Defendant as follows:

Entry of a declaratory judgment disqualifying Defendant from acting as counsel adverse to Plaintiffs/Claimants generally, and specifically with respect to the AAA proceedings;

An injunction enjoining Defendant from acting as counsel adverse to Plaintiffs/Claimants generally, and specifically with respect to the AAA proceedings;

Costs, including legal fees, to the extent permitted by law; and

Such other and further relief deemed just and proper by the Court at law and in equity.

Dated:  September 11, 2019

Respectfully submitted,

PETER ANDREWS,
DREAMBUILDER HOLDINGS, LLC,
DREAMBUILDER INVESTMENTS, LLC,
LIBERTY HOLDINGS NYC, LLC,
ARETE PORTFOLIO MANAGEMENT, LLC
*and*
PETER ANDREWS *on behalf of*
DREAMBUILDER HOLDINGS, LLC,
DREAMBUILDER INVESTMENTS, LLC,
LIBERTY HOLDINGS NYC, LLC
ARETE PORTFOLIO MANAGEMENT, LLC,

Plaintiffs

By: _____
Patrick J. McHugh (PM7087)
MHR LEWIS (US) LLC
595 Summer Street
Stamford, CT  06901
Tel.:  (203) 244-0646
pmchugh@mhr-lewis.com

            -and-

MHR Lewis (US) LLC
100 Park Avenue
New York, New York 10017
Tel:  (212) 880-6400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- x

PETER ANDREWS,
DREAMBUILDER HOLDINGS, LLC,
DREAMBUILDER INVESTMENTS, LLC,          Case No. _____
LIBERTY HOLDINGS NYC, LLC,
ARETE PORTFOLIO MANAGEMENT, LLC
*and*
PETER ANDREWS *on behalf of*
DREAMBUILDER HOLDINGS, LLC,
DREAMBUILDER INVESTMENTS, LLC,          **VERIFICATION**
LIBERTY HOLDINGS NYC, LLC
ARETE PORTFOLIO MANAGEMENT, LLC,

                         Plaintiff,

        -against –

Paul W. Verner,
                         Defendant.

---------------------------------------------------------- x

        I, PETER ANDREWS, hereby state as follows:

        1.        I am a named Plaintiff in the above referenced action, both individually and on

behalf of all limited liability company Plaintiffs, in which I either have equity interest, directly or

indirectly, or act in the capacity as an officer.

        2.        I have read the foregoing Verified Complaint for Declaratory and Injunctive Relief

and exhibits thereto and know the contents thereof.  The same are true and accurate as to my

own knowledge, except with respect to exhibits pertaining to the AAA proceeding, to which I

defer to my counsel who has stated said documents to be true and correct copies.

        **[remainder of the page intentionally remains blank]**

I declare and verify under penalty of perjury as set forth in 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this the 6th day of September, 2019.

Peter Andrews