USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER ANDREWS, DREAMBUILDER HOLDINGS, LLC, DREAMBUILDER INVESTMENTS, LLC, LIBERTY HOLDINGS NYC, LLC, ARETE PORTFOLIO MANAGEMENT, LLC and PETER ANDREWS on behalf of DREAMBUILDER HOLDINGS, LLC, DREAMBUILDER INVESTMENTS, LLC, LIBERTY HOLDINGS NYC, LLC, ARETE PORTFOLIO MANAGEMENT, LLC,

Plaintiffs,

-against-

PAUL W. VERNER,

Defendant.

19 Civ. 8451 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On February 14, 2020, the parties filed a joint motion for a discovery conference pursuant to SDNY Local Rule 37.2. Mot., ECF No. 68. Defendant represents a party adverse to Plaintiffs in an arbitration; Plaintiffs in this action seek to enjoin Defendant from continuing that representation on the basis of an asserted violation of the New York Rules of Professional Conduct. *See* Prelim. Inj. Mem., ECF No. 49. Defendant's client in the arbitration, Gregory Palmer, was a member of the LLC Plaintiffs at a time when Defendant represented those LLCs. Mot. at 1–2.

The hearing on Plaintiffs' motion for a preliminary injunction hearing is scheduled for next Wednesday, February 19, 2020. Ecf No. 65  Plaintiffs issued a subpoena to Mr. Palmer seeking to depose him on February 18, 2020, in advance of the hearing. *See* Mot. Attach. 1 (subpoena); *id.* Attach. 2 at 5 (email from Plaintiffs' counsel confirming that they intend to conduct the deposition in anticipation of the preliminary injunction hearing). Defendants now seek to quash that subpoena. Mot. at 1–3.

Under Rule 26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure, the Court may limit discovery "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Having reviewed the parties' filings on the motion for a preliminary injunction, the Court has determined that there will be no need for witness testimony or any addition presentation of evidence at the hearing on February 19, 2020. Consequently, conducting a deposition of Mr. Palmer in advance of the hearing would have virtually no benefit, taking into account the needs

of the case at this stage. Mr. Palmer has filed a declaration in opposition to the motion, ECF No. 59; there is no need for additional testimony from him (or any other witness) before the Court renders its decision. On the other side of the ledger, the burden and expense of conducting a deposition in the four days between now and the preliminary injunction hearing—two of which are weekend days, and one of which is a federal holiday—is obviously substantial.

Accordingly, the request for a Rule 37.2 conference is DENIED, and Defendant's motion to quash Plaintiffs' subpoena is GRANTED to the extent that Plaintiffs seek a deposition before February 19, 2020. The Court takes no position on whether a deposition of Mr. Palmer is appropriate in the ordinary course of discovery.

The Clerk of Court is directed to terminate the motion at ECF No. 68.

SO ORDERED.

Dated: February 14, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge