USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
PETER ANDREWS, DREAMBUILDER HOLDINGS, LLC, DREAMBUILDER INVESTMENTS, LLC, LIBERTY HOLDINGS NYC, LLC, ARETE PORTFOLIO MANAGEMENT, LLC and PETER ANDREWS on behalf of DREAMBUILDER HOLDINGS, LLC, DREAMBUILDER INVESTMENTS, LLC, LIBERTY HOLDINGS NYC, LLC, ARETE PORTFOLIO MANAGEMENT, LLC,

       Plaintiffs,

 -against-

PAUL W. VERNER,

       Defendant.

19 Civ. 8451 (AT)

**ORDER**

ANALISA TORRES, District Judge:

  On January 29, 2020, Plaintiffs—Peter Andrews, and a set of LLCs he controls, which are currently engaged in arbitration with his former business partner Gregory Palmer and Rockingham Capital Group LLC, an LLC controlled by Mr. Palmer—moved for a preliminary injunction preventing Defendant, Paul W. Verner, from appearing as counsel for Mr. Palmer and Rockingham in the ongoing arbitration. ECF Nos. 47–51. The matter was fully briefed by Plaintiffs and Defendant, and the Court held a hearing on the matter on February 19, 2020. At the hearing, the Court GRANTED Plaintiffs' motion.

  As stated on the record, Plaintiffs have demonstrated a likelihood of success on their claim for disqualification under New York law. *See Bidermann Industries Licensing, Inc. v. Avmar N.V.*, 570 N.Y.S.2d 33, 34 (N.Y. App. Div. 1991). They produced evidence showing "(1) the existence of a prior attorney-client relationship" between themselves and Defendant, who was general counsel and litigation counsel for some of the Plaintiff LLCs, and counsel to Mr. Andrews personally. *Solow v. W.R. Grace & Co.*, 632 N.E.2d 437, 439 (N.Y. 1994). And they demonstrated "(2) that the former and current representations are both adverse and substantially related," by showing close connections between the matters at issue in the ongoing arbitration and the matter on which Defendant provided legal advice as general counsel and appeared as litigation counsel. *Id.*; *see also Gordon v. Obiakor*, 984 N.Y.S.2d 421, 422 (N.Y. App. Div. 2014).

  Plaintiffs have also demonstrated irreparable harm, because the ongoing violation of New York ethics rules by Defendant (1) likely involve the use of confidential information, and (2) violate the duty of loyalty owed by counsel to former clients. Each of those harms cannot be remedied by money damages or other relief at the conclusion this action. *See Airbnb, Inc. v. City of New York*, 373 F. Supp. 3d 467, 499 (S.D.N.Y. 2019) ("The disclosure of private, confidential

information is the quintessential type of irreparable harm that cannot be compensated or undone by money damages." (internal quotation marks and citation omitted)); *AVRA Surgical, Inc. v. Dualis MedTech GmbH*, No. 13 Civ. 7863, 2014 WL 2198598, at *4 (S.D.N.Y. May 27, 2014) ("Irrespective of any actual detriment, the first client is entitled to freedom from apprehension and to certainty that his interests will not be prejudiced in consequence of representation of the opposing litigant by the client's former attorney." (quoting *Cardinale v. Golinello*, 372 N.E.2d 26, 30 (N.Y. 1977))).

Accordingly, Defendant is ENJOINED, for the pendency of this action, from:

(1) Representing parties adverse to Plaintiffs in the American Arbitration Association matter with Case Number 01-19-0002-2485 (the "Arbitration").
(2) Representing Gregory Palmer or Rockingham Capital Group LLC in any capacity in connection with the matters at issue in the Arbitration.

Plaintiffs will not be required to post a bond for the preliminary injunction. Defendant "did not seek a bond in [his] papers opposing the application for a preliminary injunction or at oral argument, and [he] has not shown that [he] will likely suffer harm absent the posting of a bond." *Heisman Trophy Tr. v. Smack Apparel Co.*, 595 F. Supp. 2d 320, 329 (S.D.N.Y. 2009) (internal quotation marks, citation, and alteration omitted).

Finally, for reasons stated on the record, Defendant's motion to dismiss is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 61.

SO ORDERED.

Dated: February 19, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge