UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

PETER ANDREWS,
DREAMBUILDER HOLDINGS, LLC,
DREAMBUILDER INVESTMENTS, LLC,   Case No. 1:19-cv-8451 (AT)(KNF)
LIBERTY HOLDINGS NYC, LLC,
ARETE PORTFOLIO MANAGEMENT, LLC
And                               **STIPULATION FOR ORDER AND**
PETER ANDREWS *on behalf of*      **ENTRY OF JUDGMENT**
DREAMBUILDER HOLDINGS, LLC,
DREAMBUILDER INVESTMENTS, LLC,
LIBERTY HOLDINGS NYC, LLC
ARETE PORTFOLIO MANAGEMENT, LLC,

                      Plaintiffs,

   -against –

Paul W. Verner,
                      Defendant.

------------------------------------------------------------ x

Plaintiffs Peter Andrews, individually and on behalf of Dreambuilder Holdings, LLC, Dreambuilder Investments, LLC, Liberty Holdings NYC, LLC and Arete Portfolio Management, LLC (collectively, "Plaintiffs") and Defendant Paul Verner ("Defendant") hereby stipulate for an Order and Entry of Judgment as follows:

1. Plaintiffs commenced this two-count civil action for declaratory and injunctive relief.  By Order of the Court dated February 19, 2020, the Court (Torres, J.) issued an order for preliminary injunctive relief in favor of Plaintiffs. [ECF Docket No. 75].

2. Defendant appeared in the case, requesting leave to amend and counterclaim for attorneys' fees Defendant believes are owed to him from Plaintiffs.  Defendant

answered the complaint [ECF Docket No. 108], but choose not to pursue alleged claims for legal fees in this civil action.

3. Plaintiffs and Defendant entered into settlement discussions conducted by the Court (Fox, MJ) on July 1, 2020.  [Docket Nos. 109, 115].  As a result of settlement discussions overseen by Judge Fox, the parties have agreed to a full and final settlement of this case upon the terms set forth herein.

4. Plaintiffs and Defendant stipulate that Judgement by Consent enter as follows:  (i) as to Count One seeking declaratory relief that judgment enter in Plaintiffs' favor consistent with the decision of the Court of February 19, 2020, *supra*; to wit that Defendant is enjoined from providing any further legal representation Gregory Palmer, and parties adverse to Plaintiffs in a pending AAA arbitration given Defendant's prior legal representation of certain of the Plaintiffs or in any capacity in connection with the matters at issue in the arbitration; and (ii)  as to Count Two seeking injunctive relief that judgment enter in Plaintiffs' favor for a Permanent Injunction consistent with the February 19, 2020 decision of the Court issuing a preliminary injunction.

5. For avoidance of doubt and to clarify, the agreed injunction is not intended to preclude Defendant from representing Gregory Palmer in lawsuits where he and Plaintiffs have been named as individual co-Defendants by one or more third-party plaintiffs/claimants.  The parties stipulate that no conflict is presented by such representation of Palmer because Palmer is not and will not be cross-claiming over against these Plaintiffs.

6. The parties further stipulate that in the event Defendant chooses to pursue a claim for attorneys' fees:

   a. Defendant shall provide to Plaintiffs a draft of Defendant's proposed filing;

   b. Plaintiffs and Defendants will engage in discussion about Defendant's proposed filing, more particularly the forum in which Defendant's fee claim should be filed, including whether it should first be mediated; and

   c. Defendant recognizes that Plaintiffs have a potential claim of $50,000 for fees and costs incurred in this civil action, and Defendant will not oppose Plaintiffs' bringing such claim for $50,000 as untimely or otherwise procedurally barred.  In recognizing Plaintiffs' potential claim of $50,000 in a filing, if any, for Defendants' claim for attorneys' fees is in no way to be construed as an admission by Defendant that Plaintiffs' claim is meritorious, such issue being left to the forum overseeing Defendant's claim for attorneys' fees.  In like manner, Defendants' claim for attorneys' fees is in no way to be construed as an admission by Plaintiffs that Defendant's claim is meritorious, such issue similarly being left to the forum overseeing Defendant's claim for attorneys' fees.  Additionally, nothing herein should be construed as a limitation of Plaintiffs' right to bring additional claims otherwise available to Plaintiffs in a subsequent proceeding commenced by Defendant for attorneys' fees.

SO STIPULATED AND AGREED on this the 27th day of August 2020:

        PETER ANDREWS,
        DREAMBUILDER HOLDINGS, LLC,
        DREAMBUILDER INVESTMENTS, LLC,
        LIBERTY HOLDINGS NYC, LLC,
        ARETE PORTFOLIO MANAGEMENT, LLC
        *and*
        PETER ANDREWS *on behalf of*
        DREAMBUILDER HOLDINGS, LLC,
        DREAMBUILDER INVESTMENTS, LLC,
        LIBERTY HOLDINGS NYC, LLC
        ARETE PORTFOLIO MANAGEMENT, LLC,

        Plaintiffs

        By: /s/ Patrick J. McHugh
            Patrick J. McHugh (PM7087)
            MHR LEWIS (US) LLC
            595 Summer Street
            Stamford, CT  06901
            Tel.:  (203) 244-0646
            pmchugh@mhr-lewis.com

        PAUL W. VERNER,

        Defendant

        By: /s/ Paul W. Verner
            Paul W. Verner (PV0274)
            VERNER SIMON
            30 Wall Street. 8th Floor
            New York, NY 10005
            Tel.:  (917) 501-5362
            pwverner@vernerlaw.com

SO ORDERED:

**CERTIFICATION**

I hereby certify that on this the 27th day of August 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Patrick J. McHugh
Patrick J. McHugh (PM7087)
